## TRI-STATE ZINC CO. et al. v. EDWARDS et al.

No. 22268.   Opinion Filed Oct. 27, 1931.

J. Fred Swanson, Ray McNaughton, and Arthur G. Croninger, for petitioners.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., John F. Webster, and Hugh Webster, for respondents.

HEFNER, J. This is an original proceeding in this court by Tri-State Zinc Company and United States Fidelity & Guar.

anty Company to review an award of the Industrial Commission awarding compensation to Wm. Edwards. It is conceded by petitioners that claimant received a serious injury while in the employ of the Tri-State Zinc Company. They, however, plead a former award of the Industrial Commission as a bar to this proceeding.

It appears that, on the 12th day of March, 1929, claimant sustained injuries to his back, leg, arm, and eyes by falling in a stope in a mine owned and operated by petitioner, Tri-State Zinc Company. An employer's first notice of injury was filed by the company with the Industrial Commission on the 18th day of March, 1929, in which it was recited that claimant sustained an injury to his ankle. On the 14th day of April, 1929, claimant filed a claim for compensation in which he stated that he had sustained injuries to his back, leg, arm, and eyes. A stipulation for settlement was thereafter entered into between the parties on the 7th day of April, 1929, whereby claimant was paid the sum of $138.45. A receipt was signed by claimant for this sum. The settlement was approved by the Industrial Commission on the 16th day of July, 1929. The stipulation and receipt recited that this sum was paid in settlement for temporary disability caused because of injuries to claimant's right side, scalp, and lumbo sacral region. On June 26, 1930, claimant filed an application before the Industrial Commission for further compensation. A hearing was had on this application, and on the 21st day of March, 1931, the Commission made a finding and award in favor of claimant awarding him additional compensation. The award in part recites:

"That the claimant was paid compensation at the rate of $17.31 per week from March 12, 1929, to May 12, 1929, or for eight weeks beyond the five days' waiting period, in the total sum of $138.48.

"That by reason of said accidental injury the claimant was rendered industrially blind in both eyes, that the claimant's head, back and legs and arm were injured, all of which rendered him permanently and totally disabled from the performing of ordinary manual labor.

"Upon consideration of the foregoing facts, the Commission is of the opinion: That the claimant is entitled to not to exceed 500 weeks' compensation at the rate of $17.31 per week, less the eight weeks heretofore paid, or a total of $8,655, less the $138.48 heretofore paid.

"It is therefore ordered that within 15 days from this date the respondent or insurance carrier pay to the claimant herein the sum of $1,676.19, or 96 weeks and five days' compensation at the rate of $17.31 per week, and to continue to pay compensation at the rate of $17.31 per week, for not to exceed 500 weeks, less any amount heretofore paid."

Petitioners first challenge the award in so far as compensation is awarded claimant for the permanent loss of sight in both eyes. Their contention is that the Industrial Commission was without jurisdiction to enter the award because claimant failed to show a change in condition. They assert that the evidence shows that claimant knew the condition of his eyes at the time settlement was made and failed to disclose this condition to his employer and its insurance carrier, and further contend that there was no change in condition between the time settlement was made and the time of the second hearing. The evidence of claimant on this question is substantially as follows:

At the time the injury occurred he was working for petitioner, Tri-State Zinc Company, as a mechanic. After the injury he was laid off several weeks. He returned to work on April 26, 1929, and remained at work until December 20, 1929, at which time the mine was closed. The mine was reopened February 5, 1930, and claimant again went to work and remained at work until June 21, 1930, when the mine again closed. Four days thereafter claimant presented this claim for additional compensation. Claimant further testified that during all the time he remained at work after the injury his eyesight was bad. He could not see out of his left eye, but could see to some extent out of his right eye. He could not work without the assistance of a helper and that his helper assisted him during all the time he remained at work. He did not advise the foreman of the mine as to the exact condition of his eyes because he had a family to support and needed the employment.

Relative to the settlement he testified as follows: An adjuster for the United States Fidelity & Guaranty Company, insurance carrier for the Tri-State Zinc Company, approached him while in the hospital for a settlement. After negotiating with the adjuster, he agreed to a settlement for temporary disability because of injuries to his back, leg, and arm, but he expressly told the adjuster that he would make no settlement for injury to his eyes. The settlement and receipt show on their face that claimant only settled for injuries to his right side, scalp, and lumbo sacral region. No hearing was ever had on claimant's original applica-

tion for compensation because of injury to his eyes. The Commission apparently treated claimant's application for additional compensation as an application for an original hearing on his claim for such injury, as will be seen by reference to its award, and on such hearing found that claimant sustained a total loss of sight in both eyes and awarded him compensation because of permanent disability. Since claimant had filed a claim for compensation because of injuries to his eyes and no hearing was had thereon, and since he expressly refused to enter into a settlement for compensation therefor, the Industrial Commission, regardless of the question of a change in condition, had authority and jurisdiction to hear and determine this claim.

The evidence conclusively shows that claimant is industrially blind in both eyes and that this condition is permanent. Four physicians so testified and in answer to hypothetical questions stated that in their opinion this condition resulted from the injury complained of. We need not determine as to whether the evidence is sufficient to show a change in condition relative to injury received by claimant to his right side, as in our opinion the award must be sustained because of the permanent total loss of sight in both eyes.

Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.